CLD-192                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 17-1585

———————

MATTHEW JONES,
Appellant

v.

CRISIS INTERVENTION SERVICES

———————————————————

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 1:16-cv-00410)
District Judge:  Honorable Richard G. Andrews

———————————————————

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 13, 2017
Before:  SHWARTZ, NYGAARD and FISHER, Circuit Judges

(Opinion filed:  April 19, 2017)

———————

OPINION*

———————

PER CURIAM

        Proceeding pro se, Mathew Jones filed suit against Crisis Intervention Services

("CIS") in the U.S. District Court for the District of Delaware.  Listing five separate

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

incidents in 2015, Jones claimed that CIS, among other purportedly unlawful acts, falsely diagnosed him with mental illnesses, improperly removed Jones from his home, and administered medication to him without consent.[1] For a cause of action, Jones relied on state tort law, federal criminal statutes, and the First and Eighth Amendments to the U.S. Constitution. For relief, Jones sought "$1,00,000 [sic]."

CIS moved to dismiss Jones's pleading under Fed. R. Civ. P. 12(b). Jones then filed a motion for summary judgment.

The District Court granted CIS's motion and dismissed Jones's complaint, determining that, insofar as Jones intended to raise constitutional claims, CIS was a state agency and was thus immune from suit under the Eleventh Amendment. The District Court determined that, insofar as Jones intended to raise state tort law or other non-constitutional claims, subject matter jurisdiction was lacking because the parties were non-diverse and no federal question was at issue. The District Court rejected Jones's attempt to use federal criminal statutes as a basis for subject matter jurisdiction. In addition, the District Court determined that permitting Jones leave to amend would be futile. The District Court denied Jones's motion for summary judgment as moot. This timely appealed followed.[2]

---

[1] There appears to be some factual overlap between this action and others recently filed by Jones. See, e.g. Jones v. Crisis Intervention Services, CA No. 17-1584 (3d Cir.).

[2] We have jurisdiction under 28 U.S.C. § 1291. We review de novo the District Court's grant of CIS's motion to dismiss. See Maliandi v. Montclair State Univ., 845 F.3d 77, 82 (3d Cir. 2016); Fowler v. UPMC Shadyside, 578 F.3d 203, 206 (3d Cir. 2009).

We will summarily affirm because the appeal presents no substantial question. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6. We agree with the District Court's disposition of CIS's motion to dismiss. See P. R. Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993) ("Absent waiver, neither a State nor agencies acting under its control may 'be subject to suit in federal court' under the Eleventh Amendment") (citation omitted); see also Will v. Michigan Department of State Police, 491 U.S. 58, 69 (1989) (the State is not a "person" subject to § 1983); Robinson v. Danberg, 729 F. Supp. 2d 666, 675 (D. Del. 2010). We also agree with the District Court that Jones's citation of various federal criminal statutes is not a basis for jurisdiction under 28 U.S.C. § 1331 to the extent that Jones sought to impose criminal liability on CIS, because he lacked standing to do so. See United States v. Friedland, 83 F.3d 1531, 1539 (3d Cir. 1996) ("[T]he United States Attorney is responsible for the prosecution of all criminal cases within his or her district."); see also Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973). Finally, we find no abuse of discretion in the District Court's refusal to permit Jones an opportunity to amend his complaint. Cf. Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 175 (3d Cir. 2010).