**NOT PRECEDENTIAL**

# UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT
_____

No. 17-1584
_____

MATTHEW JONES,
                             Appellant

v.

CRISIS INTERVENTION SERVICES, Southern Delaware;
DELAWARE STATE POLICE

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 1:16-cv-00005)
District Judge:  Honorable Richard G. Andrews

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 13, 2017
Before:  SHWARTZ, NYGAARD and FISHER, Circuit Judges

(Opinion filed:  April 19, 2017)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Proceeding pro se, Mathew Jones filed this civil rights action against Crisis Intervention Services ("CIS") and the Delaware State Police (collectively, "Defendants"). Jones supplemented his pleading with a document titled "Amendment to Complaint Form:  Additional Page(s)."  We refer to those filings together as "the Complaint."

Jones alleged in the Complaint that he has been "feloniously" diagnosed with schizophrenia.  He alleged further that on December 12, 2015, employees of Defendants arrived at Jones's home, placed him in handcuffs, and transported him to a 24-hour crisis center operated by CIS.  Jones alleged that CIS has since 1986 (his birth year) taken him "away for lengths of time where I am forced to ingest drugs that make me very ill and cause terrible allergic reactions."  Jones requested $175,000,000 in damages.[1]

Defendants jointly moved to dismiss Jones's pleading under Fed. R. Civ. P. 12(b), and to quash subpoenas Jones had served on two private physicians.  Jones filed motions for summary judgment and leave to amend the Complaint.

The District Court granted Defendants' motion to dismiss, and then denied Jones's motion for summary judgment as moot.  It determined that Defendants—as arms of the State of Delaware—both were immune from suit for damages under the Eleventh Amendment.  The District Court also determined that Jones failed to state a viable claim under § 1983, based on Will v. Michigan Department of State Police, 491 U.S. 58, 69 (1989) (the State is not a "person" subject to § 1983).  Given those determinations, the District Court denied on futility grounds Jones's motion for leave to amend.  Finally, the

---

[1] Jones attached to the Complaint exhibits indicating, among other things, that CIS is an agency of the State of Delaware.

District Court offered an advisory opinion on Defendants' motion to quash, stating that "were the case going forward, the Court would need to deny Defendants' motion."

Jones timely appealed.[2] We will summarily affirm because the appeal presents no substantial question. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6. We agree with the District Court's disposition of Defendants' motion to dismiss. See P. R. Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993) ("Absent waiver, neither a State nor agencies acting under its control may 'be subject to suit in federal court' under the Eleventh Amendment") (citation omitted); see also Will, 491 U.S. at 69; Robinson v. Danberg, 729 F. Supp. 2d 666, 675 (D. Del. 2010). And we therefore find no abuse of discretion in the District Court's denial of leave to amend. Cf. Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 175 (3d Cir. 2010) ("Under Rule 15(a), futility of amendment is a sufficient basis to deny leave to amend.").[3]

_____

[2] We have jurisdiction under 28 U.S.C. § 1291. We review de novo the District Court's grant of Defendants' motion to dismiss. See Maliandi v. Montclair State Univ., 845 F.3d 77, 82 (3d Cir. 2016); Fowler v. UPMC Shadyside, 578 F.3d 203, 206 (3d Cir. 2009). We review for abuse of discretion its denial of Jones's motion for leave to amend. See U.S. ex rel. Schumann v. AstraZeneca Pharm. L.P., 769 F.3d 837, 849 (3d Cir. 2014).

[3] We can only speculate that the District Court opined on Defendants' motion to quash subpoenas—a motion that it correctly recognized was moot—because Jones is a prolific litigant with an almost singular focus on his own mental health. Whatever the District Court's motivation, we note for future reference that it "may not render an advisory opinion." Burkey v. Marberry, 556 F.3d 142, 149 (3d Cir. 2009).